Filed June 26, 1890.

———————————

No. 14,351.

### CLUTTER *v.* RIDDLE ET AL.

BILL OF EXCEPTIONS.—For bill of exceptions containing the evidence held to be properly in the record, see opinion.

SUPREME COURT.—*Weight of Evidence.*—Where there is evidence tending to support the finding of the court, the Supreme Court will not reverse a judgment on the weight of the evidence.

From the Vigo Superior Court.

*B. E. Rhoads* and *E. F. Williams*, for appellant.

*S. B. Davis*, for appellees.

BERKSHIRE, C. J.—This action rests upon a promissory note and an account to which is joined a proceeding in attachment.

We find some confusion in the record, but we think that final judgment was rendered in the main action, and in the ancillary proceeding also, on the 10th day of May, 1887. The appellant on the same day filed separate motions for a new trial, one in the main action and the other in the

proceeding in attachment. On the 9th day of June following, the said motions were overruled, and the proper exceptions reserved, and sixty days time granted in which to file a bill of exceptions. The bill of exceptions was filed within the time given, in which was properly embodied the long-hand report of the evidence furnished by the official reporter.

Our conclusion, therefore, is that the motion to dismiss the appeal should be overruled.

Upon the merits of the case the record presents but one question: Is there sufficient evidence to support the court's finding in the ancillary proceeding?

The ground of attachment alleged in the affidavit is non-residence. We have carefully canvassed the evidence but feel that no good purpose would be subserved by stating the course of our deliberations in this opinion. The evidence relied upon by the appellee as it appears in the record, is not altogether clear and satisfactory, but we are not prepared to hold that it is not sufficient to sustain the finding of the court, and hence, as we have many times decided, we can not disturb the finding, though the evidence carries with it an impress of weakness.

The judgment is affirmed, with costs.

